UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **VANESSA BAILEY,**<br><br>             **Plaintiff,**<br><br>   v.<br><br>**JOHN POTTER,**<br><br>             **Defendant.** | **Civil Action 98-02224 (HHK)** |

**MEMORANDUM OPINION**

This case involves a court-approved settlement agreement the parties entered in 2001, on the eve of trial. Long after the case was settled, plaintiff filed a motion to enforce the settlement agreement, which agreement defendant had refused to honor for a variety of reasons. The court denied the motion on the ground that it lacked subject matter jurisdiction over such a motion, and plaintiff appealed. The D.C. Circuit determined that because plaintiff's underlying Title VII[1] claim was never dismissed on the court's docket, it remained pending. *Bailey v. Potter*, 478 F.3d 409 (D.C. Cir. 2007). Jurisdiction remained, therefore, at least as to that claim, if not as to plaintiff's request that the court enforce the settlement agreement. *Id.* at 412.

On remand from the Court of Appeals, this court heard argument regarding plaintiff's now-ancient motion to enforce the settlement agreement entered into between the parties. At that hearing, the court articulated its reasons for determining why the contract entered into between the parties was valid and enforceable. Neither the parties nor the court, however, addressed the

---

[1] *See* Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e *et seq.* ("Title VII").

question of the court's subject matter jurisdiction to enforce a settlement agreement where the court's original jurisdiction is based upon federal statutory law (here, Title VII).  Upon reconsideration, and pursuant to the court's inherent authority to revisit and alter its own orders, *see United States v. LoRusso*, 695 F.2d 45, 53 (2d Cir. 1982) ("A district court has the inherent power to reconsider and modify its interlocutory orders prior to the entry of judgment . . . ."), the court concludes that because its prior order enforcing the agreement failed to address and account for this question, and because jurisdiction to enforce the award was lacking, the court's enforcing order must be vacated.  The court will nonetheless grant the parties' still-pending request to dismiss plaintiff's still-pending Title VII claim and will incorporate the terms of the parties' original settlement agreement into the order of dismissal, thereby enforcing the agreement.  The court will also award plaintiff prejudgment interest.

## I.  ANALYSIS

### A.     The Necessity Of Vacating The Court's Prior Order

It is settled law that a district court has no inherent jurisdiction to enforce a settlement agreement merely because the lawsuit giving rise to that settlement was (or is) properly before the court.  *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375 (1994).  And there is nothing in the decision of the Court of Appeals here stating anything to the contrary.  Rather, what that court decided, essentially, was that because dismissal of Bailey's underlying claims was not accomplished at the time the parties informed the court that the case had settled, those Title VII claims were still before the court when Bailey moved to enforce the agreement.  This court's reliance (in its order denying the motion to enforce the agreement) on the *Kokkenen* doctrine

barring enforcement of settlement agreements in similar circumstances, therefore, apparently was premature. It was not, however, necessarily incorrect, and the court now concludes that *Kokkonen* still bars enforcement of the settlement agreement, at least in the context of the case's current posture.

Immediately following remand of this case from the Court of Appeals, the posture of the case was this: This court, aware of the existence of an agreement between the parties (the validity of which was disputed), was faced with a still-pending request of the parties to dismiss the action because they had reached a settlement, which request the government now sought, in effect, to withdraw. The court's primary task was to rule on that request (and thereby determine whether the government could withdraw). For the reasons stated in open court on May 9, 2007, the court determined that the agreement could not be challenged in such a way that the government was permitted to withdraw. *See also Waldorf v. Shuta*, 142 F.3d 601, 616 (3d Cir. 1998) (re-stating the "well-recognized rule of law that valid stipulations entered into freely and fairly, and approved by the court, should not be lightly set aside" (internal citations omitted)). The court also concluded that the agreement could be enforced. This latter conclusion was incorrect because the court then lacked subject matter jurisdiction over the enforcement dispute.

**B.     Dismissal And Imposition Of Terms And Conditions Pursuant To Federal Rule Of Civil Procedure 41(a)(2)**

What the court did not do on May 9 was grant the request to dismiss the case. It will now do so. In so doing, the court notes that the parties have not filed a notice of dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(ii), and that this request for dismissal is governed by subsection (a)(2) of that Rule. In the exercise of its discretion and light of the equities of this

case, the court will impose "terms and conditions as the court deems proper" upon the entry of the requested order. Fed. R. Civ. P. 41(a)(2). Specifically, the court will impose as a condition of dismissal that the parties must comply with the terms of the settlement agreement as it was articulated to the court in 2001. The court will also retain jurisdiction over the agreement and will incorporate its terms into the order of dismissal.

**C.    Prejudgment Interest**

The parties disagree as to whether prejudgment interest may be awarded in plaintiff's favor. This question has been answered primarily by Congress, which waived the Postal Service's immunity from suit by enacting a "sue and be sued" statute and thereby also "waived any otherwise existing immunity of the Postal Service from interest awards." *Loeffler v. Frank*, 486 U.S. 549, 557 (1988). Defendant's argument that Bailey lacks a source of substantive law under which to assert a right to interest on the agreement is unpersuasive. Even assuming *arguendo* that she is not entitled to interest *pursuant* to Title VII (because judgment has not been entered against defendant thereunder), the court is empowered, whether pursuant to local law, federal common law, or Federal Rule of Civil Procedure 41(a)(2) itself, to award interest against defendant as it would against a similarly situated private party. *Loeffler*, 486 U.S. at 557; Fed. R. Civ. P. 41(a)(2); *see also Jeff D. v. Andrus*, 899 F.2d 753, 759 (9th Cir. 1989) (stating that "[t]he construction and enforcement of settlement agreements are governed by principles of local law which apply to interpretation of contracts generally" even where federal law governs the underlying action); *Snider v. Circle K Corp.*, 923 F.2d 1404, 1407 (10th Cir. 1991) (applying federal common law to Title VII settlement agreement); *Morgan v. South Bend Community Sch. Corp.*, 797 F.2d 471, 478 (7th Cir. 1986) (applying state law to Title VII settlement agreement);

*Bowden v. United States*, 106 F.3d 433, 439 (D.C. Cir. 1997) (declining to determine which law controls Title VII settlement agreements when both sources of law result in same outcome); D.C. Code § 15-108.  The court will award interest pursuant to its discretionary authority under Rule 41(a)(2)[2] and, accordingly, will deny plaintiff's motion for prejudgment interest as moot.

## II.  CONCLUSION

For the foregoing reasons, the court will (1) vacate its prior order; (2) enter an order dismissing the remaining claim against defendant; (3) incorporate the terms of the parties' agreement into the order of dismissal; and (4) deny plaintiff's motions to enforce the agreement [#50] and for prejudgment interest [#107] as moot.

>                                    Henry H. Kennedy, Jr.
>                                    United States District Judge

Dated: August 9, 2007

---

[2] The court will award interest at a rate of 5.76% per annum, which rate approximates the average "prime rate" during the time period between the date of settlement and the date of entry of this order.  By the court's calculation, the interest to be awarded at this rate is $99,890.23.